FIRST JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF SANTA FE

ENDORSED
First Judicial District Court

JUL 1 3 2009

Santa Fe, Rio Arriba &
Los Alamos Counties
PO Box 2268
Santa Fe, NM 87504-2268

PAUL LUCERO,
                    Plaintiff,

vs.

No. D-101-CV-2009-00565
(JURY REQUESTED)

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF McKINLEY, NEW MEXICO,
            and its Subsidiary the McKINLEY
            COUNTY DETENTION CENTER,

SERGEANT JONES,
            An employee of the McKINLEY
            COUNTY DETENTION CENTER,
            Individually and in Defendant's
            official capacity;

DONNA GOODRICH,
            Warden/Director of the McKINLEY
            COUNTY DETENTION CENTER,
            Individually and in Defendant's
            official capacity;
                    Defendants.

## FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS AND DAMAGES

Plaintiff brings this action for violations of his protected rights under the United States

Constitution and the Constitution of the State of New Mexico and for assault, battery, intentional

infliction of emotional distress, and negligence under state tort law, pursuant to the New Mexico Tort

Claims Act, NMSA § 41-4-1, *et seq*. In support of his Complaint, Plaintiff states:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to NMSA § 41-4-18. All

Defendants and Plaintiff are residents of or entities within New Mexico and all of the acts

complained of occurred in New Mexico. Plaintiff's cause of action arose in New Mexico.

**EXHIBIT**

A

**PARTIES**

2.      Plaintiff is a residents and citizen of the state of New Mexico.

3.      Defendant The Board of County Commissioners of the County of McKinley (hereafter "McKinley County") is a political subdivision of the State of New Mexico and may sue and be sued pursuant to NMSA 1978 §4-46-1.

4.      Defendant McKinley County is a governmental entity and local public body as those terms are defined in the New Mexico Tort Claims Act, NMSA § 41-4-3(B) and (C). As such, it may be sued or be sued in its name, and it has the authority to appoint directors and administrators of the McKinley County Detention Center ("MCDC"), to employ jail guards and delegate to the chief final policy and decision-making authority regarding MCDC matters.

5.      Defendant McKinley County is sued under 42 U.S.C. § 1983 for damages under a theory of municipal liability for failure to adequately train supervise its employees and/or agents and for its customs, policies, and/or practices.

6.      Defendant McKinley County is sued under the New Mexico Tort Claims Act both for its failure to train and supervise and pursuant to the doctrine of *respondeat superior*.

7.      At all times material to this complaint, Defendant Sergeant Jones was a corrections officer at MCDC.

8.      At all times material to this complaint, Defendant Sergeant Jones was acting within the scope and course of his employment and under color of state law. At all times material to this complaint, Defendant was a law enforcement officer within the meaning of NMSA § 41-4-12 and, consequently, immunity is waived for the actions described herein.

2

9.    Upon information and belief, Defendant Sergeant Jones was a sergeant/supervisor at all times material to this complaint. Consequently, Defendant Sergeant Jones is sued herein in his individual and official capacities.

10.    At all times material to this complaint, Defendant Donna Goodrich ("Goodrich") was the warden/director of officer at MCDC. Upon information and belief, Defendant Goodrich is still the warden/director of MCDC and has been delegated final decision-making authority over affairs at MCDC by McKinley County. Defendant Goodrich is sued herein in her individual and official capacities.

11.    At all times material to this complaint, Defendant Goodrich was acting within the scope and course of her employment and under color of state law. At all times material to this complaint, Defendant was a law enforcement officer within the meaning of NMSA § 41-4-12 and, consequently, immunity is waived for the actions described herein.

## FACTUAL BACKGROUND

12.    On or about September 21, 2007, while Plaintiff was incarcerated at MCDC, he was confronted by several other inmates who ordered him to attack another inmate in order to "prove" himself.

13.    Plaintiff refused to attack the other inmate.

14.    In retaliation, the group of inmates who had ordered Plaintiff to attack the other inmate brutally beat Plaintiff.

15.    Plaintiff was removed from the "pod" or unit for his safety.

16.    Soon thereafter, Defendant Sergeant Jones informed Plaintiff that he was going to be returned to the pod in which he was attacked.

3

17.    Plaintiff begged Defendant Jones not to put him back in the same pod, with the same inmates who had beaten him.

18.    Defendant Jones informed Plaintiff that Plaintiff had no say in the matter—but told Plaintiff that Defendant Jones would keep an "eye out for him."

19.    After he was returned to the pod, Plaintiff was again brutally beaten.

20.    Defendant Jones and others then conspired to cover up the beating.

21.    Upon information and belief, Defendant Jones and others refused to allow Plaintiff to have visits or see medical personnel for fear that the deliberate indifference to Plaintiff's safety would be discovered.

22.    This is not an isolated event at MCDC. Similar indifference has lead to inmate-on-inmate violence before and after the attack giving rise to this complaint.

23.    Upon information and belief, Defendant Goodrich acted to assist in the cover-up in order to prevent McKinley County from being found to be liable for wrongdoing at MCDC.

COUNT I: SECTION 1983 CLAIM AGAINST DEFENDANTS FOR VIOLATIONS OF 14th AMENDMENT INCORPORATION OF THE 8th AMENDMENT PROTECTIONS AND OF 14th AMENDMENT SUBSTANTIVE DUE PROCESS PROTECTIONS UNDER THE UNITED STATES CONSTITUTION

Plaintiff incorporates and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

24.    When Plaintiff was assaulted, he was protected from cruel and unusual punishment by the Fourteenth Amendment's incorporation to pretrial detainees of the Eighth Amendment's prohibitions against such punishment.

25.    In addition, when Plaintiff was assaulted, he was protected from cruel and unusual punishment by the substantive due process provisions of the Fourteenth Amendment, in that Plaintiff

4

was pre-trial detainees after being charged with the commission of one or more criminal offenses who had a liberty interest in his own bodily integrity.

26.    The assaults and batteries inflicted on Plaintiff as a result of Defendant Jones' actions violated Plaintiff's rights under the aforementioned constitutional amendments to be secure in their bodily integrity and free from attack as a result of deliberate indifference to inmate safety by jail guards and their agents.

27.    Defendant Goodrich did not take sufficient steps to monitor or supervise Defendant Jones up to and including the date of the attack, which contributed to Defendant Jones' decision to engage in their lawless behavior.

28.    Defendant Jones' act was intentional, malicious, sadistic, willful, wanton, obdurate, and were perpetrated with gross and reckless disregard of Plaintiff's fundamental constitutional rights. Defendant Jones acted with deliberate indifference towards Plaintiff's constitutional rights.

29.    Defendant Jones' wrongful act proximately caused Plaintiff damages and injuries. These damages include physical injury, medical and future medical damages, pain and suffering, severe psychological and emotional distress, and further damages to be proven at trial.

### COUNT II: MUNICIPAL LIABILITY: COUNTY OF MCKINLEY (CUSTOM AND POLICY) – PURSUANT TO 42 U.S.C. § 1983

Plaintiff incorporates and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

30.    The acts and omissions in violation of Plaintiff's rights by Defendant Jones were perpetrated pursuant to the custom, policy and/or practices of McKinley County.

31.    McKinley County either maintains an official policy of permitting its correctio officers to deliberately placing inmates in situations in which they will face unreasonable danger to

5

their physical safety or in the alternative, maintains a *de facto* policy of ignoring such actions by corrections officers.

32.    McKinley County's knowledge of Defendant Jones' actions toward Plaintiff can be inferred by the obviousness of the facts.

33.    McKinley County and Defendant Goodrich were deliberately indifferent to the rights of Plaintiff and other pretrial detainees at MCDC.

34.    The County's policies, procedures and/or customs, either official or *de facto*, were a moving force behind Defendant Jones' illegal acts.

### COUNT III: MUNICIPAL LIABILITY: MCKINLEY COUNTY (FAILURE TO TRAIN AND SUPERVISE) –PURSUANT TO 42 U.S.C. § 1983

Plaintiff incorporates and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

35.    The acts and omissions in violation of Plaintiff's rights by Defendant Jones was perpetrated pursuant to the custom and policy of McKinley County.

36.    Defendant McKinley County and Goodrich failed to sufficiently train Defendant Jones and/or failed to sufficiently supervise Defendant Jones regarding the use of force against pretrial detainees and/or persons incarcerated at MCDC.

37.    McKinley County's failure to train and/or supervise Defendant Jones can be inferred from the obviousness of the facts.

38.    Upon information and belief, no disciplinary action was taken against Defendant Jones as a result of the act described herein.

39.    McKinley County was deliberately indifferent to the rights of Plaintiff and other citizens of McKinley County.

40.     The County's failure to train and supervise Defendant Jones was a moving force behind Defendant Jones' illegal acts.

## COUNT IV: CLAIM AGAINST DEFENDANTS FOR
## VIOLATIONS OF ARTICLE II, § 13 OF NEW MEXICO CONSTITUTION

Plaintiff incorporates and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

41.     When Plaintiff was assaulted, he was protected from cruel and unusual punishment by Article II, § 13 of the New Mexico Constitution, which forbids such punishment.

42.     In addition, when Plaintiff was assaulted, he was protected from cruel and unusual punishment by the substantive due process provisions of Article II, §18 in that Plaintiff was pre-trial detainees after being charged with the commission of one or more criminal offenses who had a liberty interest in his own bodily integrity.

43.     The assaults and batteries inflicted on Plaintiff as a result of Defendant Jones' actions violated Plaintiff's rights under the aforementioned constitutional amendments to be secure in their bodily integrity and free from attack as a result of wrongdoing by jail guards and their agents.

44.     Defendant Goodrich did not take sufficient steps to monitor or supervise Defendant Jones up to and including the date of the attack, which contributed to Defendant Jones' decision to engage in their lawless behavior.

45.     Defendant Jones' act or omissions were intentional, malicious, sadistic, willful, wanton, obdurate, and were perpetrated with gross and reckless disregard of Plaintiff's fundamental constitutional rights.

46.    Defendant Jones' wrongful act proximately caused Plaintiff damages and injuries. These damages include physical injury, medical and future medical damages, pain and suffering, severe psychological and emotional distress, and further damages to be proven at trial.

## COUNT V: TORT CLAIM FOR ASSAULT

Plaintiff incorporates and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

47.    Defendant Jones intentionally caused Plaintiff to fear an imminent battery.

48.    Defendant Jones' act or omission was wanton, willful, obdurate and were perpetrated with gross and reckless disregard for the rights and bodily integrity of Plaintiff.

49.    Defendant Jones' wrongful acts or omissions proximately caused Plaintiff damages, including physical injury, pain and suffering, severe psychological and emotional distress, punitive and other damages to be proven at trial.

## COUNT VI: TORT CLAIM FOR BATTERY

Plaintiff incorporates and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

50.    Defendant Jones caused Plaintiff to suffer a battery.

51.    Defendant Jones' acts or omissions was wanton, willful, obdurate and were perpetrated with gross disregard for the rights and bodily integrity of Plaintiff.

52.    Defendant Jones' wrongful act or omissions proximately caused Plaintiff damages, including physical injury, pain and suffering, severe psychological and emotional distress, punitive and other damages to be proven at trial.

8

## COUNT VII: TORT CLAIM FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff incorporates and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

53.     Defendant Jones inflicted extreme emotional distress upon Plaintiff.

54.     Defendant Jones' infliction of said emotional distress was intentional and was perpetrated with wanton, willful, obdurate and were perpetrated with gross disregard for Plaintiff.

55.     Defendant Jones' wrongful acts or omissions proximately caused Plaintiff damages, including physical injury, pain and suffering, severe psychological and emotional distress, punitive and other damages to be proven at trial.

## COUNT VIII: NEGLIGENCE BY DEFENDANT MCKINLEY COUNTY
## FOR NEGLIGENCE UNDER THE TORT CLAIMS ACT

Plaintiff incorporates and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

56.     Defendant McKinley County negligently permitted the wrongdoing described herein to be perpetrated.

57.     Proper supervision would have prevented the wrongdoing described herein from occurring.

58.     As a result of Defendant McKinley County's negligence, Plaintiff suffered injuries and damages including but not limited to pain and suffering, emotional distress, medical and future medical damages, and other damages to be proven at trial.

59.     Defendant McKinley County is liable to Plaintiff for the damages suffered as a result of its negligence.

60.     No claim is made for punitive damages against Defendant McKinley County under the Tort Claims Act.

## COUNT IX: *RESPONDEAT SUPERIOR* CLAIMS AGAINST DEFENDANT MCKINLEY COUNTY UNDER THE TORT CLAIMS ACT

Plaintiff incorporates and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

61.     Pursuant to the New Mexico Tort Claims Act, Defendant County of McKinley is liable under the doctrine of *respondeat superior* for any violation of the Act perpetrated by a county employee.

62.     At the time that Defendant Jones committed the aforementioned violations of the Tort Claims Act, he was acting as a corrections officer in the employ of the McKinley County.

63.     Defendant McKinley County is therefore liable to Plaintiff for Defendant Jones' violations of the Tort Claims Act.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.     Award compensatory damages jointly and severally against all Defendants in an amount to be determined by the jury at trial;

B.     Award punitive and exemplary damages against Defendant Jones and Defendant Goodrich, in a separate amount to be determined by the jury at trial for their violations of Plaintiff's federally protected rights;

C.     Award pre- and post-judgment interest on all monetary damages in an amount to be fixed by the Court;

D.     Award Plaintiff his costs in bringing this action, including reasonable attorneys' fees

pursuant to 42 U.S.C. § 1988; and

    E.    Award other and further relief as the Court deems proper under the circumstances.

## LIMITATION OF DAMAGES SOUGHT

    A.    No punitive damages are sought pursuant to the New Mexico Tort Claims Act.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

                        Respectfully Submitted,
                        **THE ROMERO LAW FIRM, P.A.**

By:

                        Román R. Romero
                        Attorney for Plaintiff
                        1001 5th St. NW
                        Albuquerque, NM 87102
                        (505) 345-9616

11