IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL LUCERO,

    Plaintiff,

vs.                                                        Civ. No. 09-744 JP/RHS

MCKINLEY COUNTY, a Municipal Entity
Organized Under the Laws of the State of New Mexico
and its subsidiary the McKinley County Detention
Center, SERGEANT JONES, an employee of the
McKinley County Detention Center, Individually
and in Defendant's official capacity, DONNA
GOODRICH, Warden/Director of the McKinley
County Detention Center, Individually and in
Defendant's official capacity,

    Defendants.

MEMORANDUM OPINION AND ORDER

        On August 13, 2009, the Defendants filed County Defendants' Partial Motion to Dismiss (Doc. No. 7) seeking to dismiss with prejudice Count VII of Plaintiff's First Amended Complaint for Civil Rights Violations, Tort Claims and Damages (Doc. No. 1-2)("First Amended Complaint"). This is an inmate brutality case in which Plaintiff alleges in Count VII that Defendant Jones, a corrections officer sued in both his individual and official capacities, committed the tort of intentional infliction of emotional distress by allowing Plaintiff to be in a situation where he was beaten by other inmates. Plaintiff alleges in the First Amended Complaint that "[a]t all times material to this complaint, Defendant Sergeant Jones was acting within the scope and course of his employment and under color of state law. At all times material to this complaint, Defendant was a law enforcement officer within the meaning of NMSA §41-4-12 and, consequently, immunity is waived for the actions described herein." *Id.* at ¶8.

        Defendants argue in their motion to dismiss that the claim for intentional infliction of emotional distress is barred by the New Mexico Tort Claims Act ("NMTCA") which applies to

torts committed by public employees while "acting within the scope of duty." *See* NMSA 1978, §41-4-4(A) (1976). "Plaintiff consents to the dismissal of his intentional infliction of emotional distress claim, Count VII of his Complaint, but requests that the dismissal be entered without prejudice. Such a dismissal will preserve Plaintiff's ability to re-initiate a claim of intentional infliction of emotional distress against one or more individual defendants should any individual defendant claim or should the evidence show that the defendant was not acting within his or her scope of duties." Plaintiff's Response to Defendants' Partial Motion to Dismiss Consenting to Dismissal of Count VII Without Prejudice (Doc. No. 10) at 2, filed August 31, 2009. Defendants did not reply to Plaintiff's request to dismiss Count VII without prejudice.

Although Defendant Jones is sued in his individual capacity, nowhere in the First Amended Complaint does the Plaintiff allege that Defendant Jones acted outside the scope of his duties as a corrections officer. Reading the First Amended Complaint as a whole, the Court concludes that Count VII states only an NMTCA claim. Consequently, as the Plaintiff would agree, the NMTCA bars that claim. It follows, then, that Count VII should be dismissed with prejudice. If, however, Plaintiff discovers that he may have an intentional infliction of emotional distress claim which falls outside the purview of the NMTCA, he may follow the proper Federal Rules of Civil Procedure to amend his First Amended Complaint to add that non-NMTCA claim.

IT IS ORDERED that the County Defendants' Partial Motion to Dismiss (Doc. No. 7) is granted and that Count VII will be dismissed with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE