IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL LUCERO,**

        **Plaintiff,**

vs.                        No CIV 09-744 WJ/RHS

**MCKINLEY COUNTY, a Municipal Entity Organized
Under the Laws of the State of New Mexico and
its subsidiary the McKinley County Detention Center,
SERGEANT JONES, an employee of the McKinley County
Detention Center, Individually and in Defendant's
official capacity, DONNA GOODRICH, Warden/Director of
the McKinley County Detention Center, Individually
and in Defendant's official capacity,**

        **Defendants.**

### DEFENDANT'S MOTION TO COMPEL PURSUANT TO RULE 37

Defendant McKinley County, by and through its counsel, Slease & Martinez, P.A. respectfully submits this Motion to Compel pursuant to Fed.R.Civ.P. 37. Counsel for the Plaintiff opposes this Motion.

### BACKGROUND

The Defendant served the Plaintiff with the attached Requests for Production on November 6, 2009. (Docket No. 22)[1] Thereafter, counsel for the Defendant sent counsel for the Plaintiff an e-mail on January 25, 2010 requesting that the Plaintiff provide the Defendant with responses to the Defendant's Requests for Production. ***See e-mail correspondence between counsel***, attached hereto as Exhibit B. Counsel for the Plaintiff claimed that he had not received the Defendant's Requests for Production, despite the Certificate of Service and the cover letter

---

[1] The Requests for Production originally served on November 6, 2009 by mail are attached hereto as Exhibit A.

confirming service of the Requests for Production. *Id*. Thereafter, counsel for the Defendant faxed the Requests for Production to counsel for the Plaintiff. ***See correspondence of January 27, 2010 and facsimile confirmation sheet***, attached hereto as Exhibit C.  On March 10, 2010, counsel for the Defendants sent counsel for the Plaintiff an additional letter requesting a response to the Defendant's Requests for Production. ***See correspondence of March 10, 2010***, attached hereto as Exhibit D.  No response to this correspondence was forthcoming.  At no time did the Plaintiff respond to the Defendant's Requests for Production.  Thus, the Defendant was required to file this Motion to Compel.

## POINTS AND AUTHORITIES

The Federal Rules of Civil Procedure empower the court, upon motion, to sanction a party for failing to comply with orders of the court or to cooperate in discovery. *See* Fed. R. Civ. P. 37. The rule provides in part as follows:

> **(b)(2) Sanctions by Court in Which Action is Pending.** If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . © An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .
>
> **(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party . . . (2) [fails] to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) [fails] to serve a written response to a request for inspection submitted under Rule 34, . . . the court in which the action is pending on motion may

make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and © of subdivision (b)(2) of this rule.

*Id*. Thus, Rule 37 expressly authorizes the court to sanction a party based on a party's failure to respond to interrogatories and document requests. In the present case, as set forth above, the Plaintiff has never responded to the Defendant's Requests for Production which were served in November of 2009. The Defendant has been severely prejudiced by the Plaintiff's behavior in this case. The Defendant is unable to complete discovery or properly evaluate this claim. Therefore, the Defendant requests that it be awarded its attorneys fees and costs in obtaining this relief.

## CONCLUSION

Based on the foregoing, the Defendant requests that this Court order the Plaintiff to respond to the Defendant's Requests for Production without objection and that the Defendant McKinley County be awarded its reasonable costs and fees for obtaining this relief.

Respectfully submitted,

SLEASE & MARTINEZ, P.A.


By: <u>Filed electronically on March 12, 2010</u>
    WILLIAM D. SLEASE
    JONLYN M. MARTINEZ
    Attorney for Defendant McKinley County
    PO Box 1805
    Albuquerque, NM  87103-1805
    (505) 247-9488

I HEREBY CERTIFY that the foregoing
was delivered via CM/ECF on
March 12, 2010 to counsel of record.


_____/s/_____