# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**PAUL LUCERO,**

    **Plaintiff,**

**vs.**                                                                              **Civ. No.  09-744 JP/RHS**

**MCKINLEY COUNTY, a Municipal Entity
Organized Under the Laws of the State of New Mexico
and its subsidiary the McKinley County Detention
Center, SERGEANT JONES, an employee of the
McKinley County Detention Center, Individually
and in Defendant's official capacity, DONNA
GOODRICH, Warden/Director of the McKinley
County Detention Center, Individually and in
Defendant's official capacity,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On April 9, 2010, Plaintiff Paul Lucero ("Lucero") filed Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion to Amend")(Doc. No. 44).  Then, on April 25, 2010, Defendants McKinley County, Sergeant Jones,[1] and Donna Goodrich (collectively "Defendants") filed Defendants' Response in Opposition to Plaintiff's Motion to Amend Complaint ("Response")(Doc. No. 55).  Lucero did not file a reply brief, and thus under D.N.M.LR-Civ. 7.1 (b) has consented that briefing is complete.  Having reviewed the briefs and the applicable law, the Court finds that Lucero's Motion to Amend should be granted.

## BACKGROUND

On July 18, 2009, Lucero filed his First Amended Complaint for Civil Rights Violations, Tort Claims and Damages ("First Amended Complaint") in the First Judicial

---

[1] Neither party has provided the Court with Sergeant Jones' first name.

District Court in Santa Fe, New Mexico. (Doc. No. 1-1.) Shortly after, on July 29, 2009, Defendants timely removed Lucero's First Amended Complaint to this Court. (Notice of Removal, Doc. No. 1.) On October 20, 2009, the Honorable United States Magistrate Judge Robert H. Scott entered a Scheduling Order, which, *inter alia*, established a deadline of March 1, 2010 for the completion of discovery. (Scheduling Order, Doc. No. 17.) Then, on March 4, 2010, three days after the discovery deadline, the parties jointly moved to extend the discovery deadline as well as the other pretrial deadlines. (*See* Joint Motion for Extension of Pretrial Deadlines, Doc. No. 31.) The parties did not offer any explanation for the untimeliness of their motion or for their failure to complete discovery within the prescribed deadlines. (*Id.*) Nevertheless, Judge Scott authorized a more than five week extension of the discovery deadline as well as a limited extension of the other pretrial deadlines. (Order Granting in Part and Denying in Part Joint Motion for Extension of Pretrial Deadlines, Doc. No. 32.)

     Inexplicably, Defendants waited until the final day of the extended discovery period to depose Lucero. (*See* Deposition of Paul Lucero, "Lucero Dep.," attached to Resp.)[2] Lucero maintains that in preparing for his deposition, he recalled more specifically the time line of events giving rise to his claims in this case (Mot. at 1-2), which he then provided to Defendants during his deposition (Lucero Dep. 23:3-11). Immediately following his deposition, Lucero filed his Motion to Amend in which he seeks to expand on the factual allegations in his First Amended Complaint based on the information he recalled during his deposition preparation.

---

     [2] Defendants do not identify Lucero's deposition with any label.

**DISCUSSION**

Because Lucero has already amended his complaint once as a matter of course, his current request to amend falls within the ambit of Fed. R. Civ. P. 15 (a)(2). Under Rule 15 (a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." While Rule 15 (a)(2) instructs that "[t]he court should freely give leave when justice so requires," the Court may nevertheless exercise its discretion to deny a request to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009)(quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). However, in exercising that discretion, the Court must always bear in mind that "[t]he purpose of [] Rule [15] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)(quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982))(internal quotation marks omitted).

Defendants oppose Lucero's Motion to Amend arguing that Lucero's proposed amendments are futile, that the timing of Lucero's request to amend constitutes undue delay, and that Lucero's proposed amendments are brought in bad faith or for a dilatory motive. The Court will address each of these arguments independently.

**A.     Whether Lucero's Proposed Amendments are Futile**

"A district court may refuse to allow amendment if it would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). Defendants contend that

3

Lucero's proposed amendments are futile, arguing generally that Lucero's "proposed amendments would not survive a motion for summary judgment or a motion to dismiss." (Resp. at 4.) In support of that general argument, Defendants advance specific arguments regarding the legal basis for each of Lucero's claims. The Court notes, however, that Defendants' arguments in this regard are inapposite as Lucero has requested leave to expand on only the factual allegations in his First Amended Complaint and has not added any new causes of action or even changed the theories of liability for the claims already asserted. (*Compare* First Amended Complaint *with* Second Amended Complaint for Civil Rights Violations, Tort Claims and Damages, Doc. No. 44-1.) Even so, Defendants invite the Court to consider the legal validity of Lucero's claims and Defendants' potential entitlement to qualified immunity — the Court declines this invitation. Lucero's proposed amendments merely seek to develop the factual context for his claims and do not alter in any meaningful way his legal theory of the case. Defendants have not provided, and the Court has not located, any authority to suggest that a proposed amendment to the factual basis of a complaint that merely seeks to expand on general facts already alleged may be deemed futile. Accordingly, the Court finds that Defendants arguments concerning the alleged futility of Lucero's proposed amendments are without merit.

### B. Whether the Timing of Lucero's Request to Amend Constitutes Undue Delay

In requesting leave to amend his First Amended Complaint, Lucero asserts that "there has been no 'undue delay' in moving to amend. Plaintiff simply failed to mention the date of the first beating he received at [t]he McKinley County Detention Center, and

has an honest desire to correct his Complaint to allow Defendants and the Court to further understand the specifics of his allegations." (Doc. No. 45 at 3.) Defendants counter that Lucero has indeed "unduly delayed in disclosing vital information regarding the date of his alleged first beating to [] Defendants" (Resp. at 8) because, according to Defendants, "[Lucero] and his counsel have been aware and in the possession of all of the facts surrounding his claims since they purportedly occurred, April or May of 2007." (*Id.*) Defendants maintain that Lucero has failed to offer any reasonable explanation for his delay in disclosing "the alleged first beating" (*id.*)[3] and contend that his request to amend his First Amended Complaint should be denied on that basis.

It is well-settled that a district court may deny a motion to amend that is the result of undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Tenth Circuit has made it clear, however, that "[e]mphasis is on the adjective: Lateness does not of itself justify the denial of the amendment." *Minter*, 451 F.3d at 1205 (internal quotation marks and citation omitted). Indeed, "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Id.* "However, [a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* (internal

---

[3] The Court notes that, contrary to Defendants' assertion, the basis of Lucero's proposed amendments is to correct the time line of events giving rise to his claims in this case, and specifically to clarify the timing of the first alleged beating he sustained along with the circumstances surrounding that alleged beating. In other words, Lucero claimed in his First Amended Complaint that he sustained two beatings, but failed to specify the date of the first alleged beating. (*See* First Amended Complaint, ¶¶ 14-19.) Hence, Defendants' contention that Lucero is only now disclosing a "first beating" is without merit.

quotation marks and citation omitted, alteration in original). The Tenth Circuit has made clear though that the focus of the district court's inquiry should be on the reason for rather than the length of the delay. *Id.* Accordingly, "denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id.* at 1206 (quoting *Franks v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). In addition, if the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Franks*, 3 F.3d at 1365-66.

With respect to Lucero's Motion to Amend, the Court notes that Lucero offers seemingly conflicting explanations of the reason for the delay in seeking to amend his First Amended Complaint. Initially, Lucero states that "[i]n preparing for his deposition and at his deposition, [Lucero], for the first time, recalled that the first time he was first attacked and beaten by a group of inmates from Arizona in the 'b-pod' of the McKinley County Detention Center was while he was incarcerated on or about April of 2007." (Doc. No. 45 at 1-2.) Later in his Motion, though, Lucero maintains that he simply neglected to include that information in his First Amended Complaint, and thus implies that he was aware of the timing of the first alleged beating from the inception of the case. The Court finds the latter explanation far more plausible as it simply strains credulity to believe that Lucero was entirely unaware of the timing of the first alleged beating until he began preparing for his deposition. However, Lucero's latter explanation is really no explanation at all since it merely reiterates the reason for his request to amend, *i.e.* that Lucero failed to provide the date of the first alleged beating in his First Amended Complaint. While Lucero has expressed his "honest desire to

correct his Complaint to allow Defendants and the Court to further understand the specifics of his allegations," (Doc. No. 45 at 3), that desire does not constitute an explanation for Lucero's lethargic pursuit of his requested amendments.  Thus, Lucero has failed to offer any meaningful explanation for the significant delay in filing his Motion to Amend, and the Court finds that Lucero's delay in that regard was undue.

Nevertheless, a finding of undue delay does not mandate denial of a motion to amend.  *See* Fed. R. Civ. P. 15 (a)(2); *Bylin*, 568 F.3d at 1229.  Instead, in deciding whether to allow a party to amend its pleading, the Court must always be mindful that "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Bylin*, 568 F.3d at 1229 (citation omitted, ellipses in original).  Generally, an amendment is prejudicial only when it "unfairly affects non-movants in terms of preparing their response to the amendment."  *Id.* (citation omitted, internal quotation marks and alterations omitted).

In this case, Defendants contend that if Lucero is allowed to amend his First Amended Complaint then Defendants "will be prejudiced in this matter because discovery will be extended and the [] Defendants will be required to incur additional expenses and waste additional time to resolve this matter."  (Resp. at 9-10.)  Conversely, Lucero asserts that Defendants will not be prejudiced by the Court granting Lucero's Motion to Amend because "[t]he essential factual basis of [his] claims are the same . . . [and Lucero] simply seeks to put Defendants on fair notice of the correct timeline of events of the allegations he has made against them." (Doc. No. 45 at 3-4.)  The Court agrees with Lucero.  Initially, though, the Court observes that Lucero's proposed amendments appear entirely unnecessary given that they do not change Lucero's theory

7

of liability against any of the Defendants, add or amend claims, or even substantively alter Lucero's basic factual contentions. However, it is, of course, Lucero's prerogative to attempt to articulate his claims in the manner he deems most appropriate. Second, and more importantly, despite Defendants' assertions to the contrary, the Court does not believe that Defendants would be even minimally prejudiced by Lucero's proposed amendments. As Lucero states in his Motion to Amend and as the Court discussed above in Part A *supra*, Lucero's proposed amendments merely seek to develop the factual context for his claims, which he already articulated in general terms in his First Amended Complaint. The Federal Rules of Civil Procedure require only notice pleading and do not mandate the kind of specificity Defendants desire. *See* Fed. R. Civ. P. 8.[4] Furthermore, although Defendants ostensibly assume that discovery would automatically be re-opened if the Court grants Lucero's Motion to Amend and consequently result in additional expenses, their assumption in that regard is erroneous. Indeed, the Court will not permit additional discovery in this case. Lucero's essential allegations and legal theories have remained unchanged throughout this case, and thus Defendants have had ample opportunity to conduct appropriate discovery. Additionally, the Court is loathe to permit any additional extensions of the discovery period given both parties' inexplicable procrastination in conducting the discovery already allowed. Therefore, given the innocuous nature of Lucero's proposed amendments and

---

[4] Additionally, the Court notes that even if it denied Lucero's current request to amend, under Fed. R. Civ. P. 15 (b)(1) Lucero could still move to amend at trial to conform to the evidence. Rule 15 (b)(1) provides that amendments should be freely permitted "when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice the party's action or defense. . . ."

Defendants' failure to demonstrate any potential prejudice stemming from the Court allowing Lucero's proposed amendments, the Court finds that Lucero's Motion to Amend should be granted.

## C. Whether Lucero's Proposed Amendments are Brought in Bad Faith or for a Dilatory Motive

Although the Court has already found that Lucero's Motion to Amend should be granted, the Court will briefly address Defendants' argument that Lucero's Motion to Amend is brought in bad faith or for a dilatory motive. Specifically, Defendants argue that Lucero's "proposed Amended Complaint is merely an attempt to avoid the evidence contained in the County's records which disprove his allegations against the County Defendants." (Resp. at 9.) Additionally, Defendants observe that the parties have completed discovery and contend that permitting Lucero to amend his First Amended Complaint will necessitate reopening discovery, thus implying that Lucero's purpose in filing his Motion to Amend is to delay the progress of this case by forcing the reopening of discovery.

While Defendants have attributed ulterior motives to Lucero's assertion that he did not specifically remember the dates of the alleged incidents until he prepared for his deposition, Defendants have offered nothing beyond speculation to support their suspicions. Moreover, the Court notes that Defendants are not entirely blameless for the late discovery of the information concerning the time frame for Lucero's first alleged beating. Although Lucero should have disclosed the facts he now seeks to add to his First Amended Complaint much earlier in the litigation, Defendants' election to wait until the final day of discovery to depose Lucero is also a significant reason for

9

Defendants not learning those facts sooner than they did.  Defendants' arguments concerning Lucero's alleged bad faith suggest that defense counsel treated Lucero's deposition testimony as a foregone conclusion, when, as defense counsel should know, it is often the case that parties discover new or different information in the course of a deposition.  Therefore, when Defendants chose to wait nearly five and a half months after the commencement of discovery to depose Lucero, they did so at their own peril.  Thus, while the Court certainly does not condone Lucero's late disclosure of the facts related to the first alleged beating, the Court declines to find that Lucero's untimely disclosure was done in bad faith or with a dilatory motive in the absence of any evidence suggesting that such was the case.

**IT IS THEREFORE ORDERED THAT**  Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 44) is GRANTED.

_____
SENIOR UNITED STATES DISTRICT JUDGE