# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PAUL LUCERO,

    Plaintiff,

vs.                                           Civ. No. 09-744 JP/RHS

MCKINLEY COUNTY, a Municipal Entity
Organized Under the Laws of the State of New Mexico
and its subsidiary the McKinley County Detention
Center, SERGEANT JONES, an employee of the
McKinley County Detention Center, Individually
and in Defendant's official capacity, DONNA
GOODRICH, Warden/Director of the McKinley
County Detention Center, Individually and in
Defendant's official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On June 3, 2010, Defendants McKinley County, Sergeant Derwin Jones, and Donna Goodrich (collectively "Defendants") filed Defendants' Motion for Reconsideration ("Motion")(Doc. No. 90). Then, on June 4, 2010, Plaintiff Paul Lucero filed Plaintiff's Response to Defendants' Motion for Reconsideration ("Response")(Doc. No. 92). Finally, on June 7, 2010, Defendants filed Defendants' Reply to Plaintiff's Response to Defendants' Motion for Reconsideration ("Reply")(Doc. No. 94). Having considered the briefs and the applicable law, the Court finds that Defendants' Motion for Reconsideration should be denied.

## BACKGROUND

This case arises from Plaintiff Paul Lucero's incarceration in the McKinley County Adult Detention Center in 2007, during which time he claims he sustained two beatings at the hands of fellow inmates. On July 18, 2009, Lucero filed his First Amended

Complaint for Civil Rights Violations, Tort Claims and Damages ("First Amended Complaint") in the First Judicial District Court in Santa Fe, New Mexico.  (Doc. No. 1-1.) Shortly after, on July 29, 2009, Defendants timely removed Lucero's First Amended Complaint to this Court.  (Notice of Removal, Doc. No. 1.)  Then, on April 9, 2010, the final day of discovery, Lucero filed Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion to Amend")(Doc. No. 44).  As grounds for his Motion to Amend, Lucero maintained that in preparing for his deposition, which Defendants took on the final day of discovery, he recalled more specifically the time line of events giving rise to his claims in this case and wished to amend his First Amended Complaint to reflect that time line.  Defendants opposed Lucero's Motion to Amend, arguing that Lucero's proposed amendments were futile, that the timing of Lucero's request to amend constituted undue delay, and that Lucero's proposed amendments were brought in bad faith or for a dilatory motive.  Notably, Defendants made only passing reference to potential prejudice from Lucero's proposed amendments, claiming that if the Court allowed Lucero to amend his First Amended Complaint then Defendants "w[ould] be prejudiced in this matter because discovery will be extended and the [] Defendants will be required to incur additional expenses and waste additional time to resolve this matter."  (Doc. No. 55 at 9-10.)

Ultimately, in a Memorandum Opinion and Order (Doc. No. 89), the Court granted Lucero's Motion to Amend. (*Id.* at 10.)  In doing so, the Court made clear that its decision to grant Lucero's Motion to Amend rested largely on the innocuous nature of Lucero's proposed amendments, which neither added causes of action nor changed theories of liability.  (*Id.* at 7-9.)  Accordingly, the Court noted it "d[id] not believe that

2

Defendants would be even minimally prejudiced by Lucero's proposed amendments,"

(*id.* at 8.), and permitted Lucero to amend his First Amended Complaint as proposed.

## DISCUSSION

Defendants now move the Court to reconsider its decision to allow Lucero to amend his First Amended Complaint. Specifically, Defendants take issue with the Court's observation that,

> Defendants' election to wait until the final day of discovery to depose Lucero is also a significant reason for Defendants not learning those facts sooner than they did. Defendants' arguments concerning Lucero's alleged bad faith suggest that defense counsel treated Lucero's deposition testimony as a foregone conclusion, when, as defense counsel should know, it is often the case that parties discover new or different information in the course of a deposition. Therefore, when Defendants chose to wait nearly five and a half months after the commencement of discovery to depose Lucero, they did so at their own peril.

(Mem. Op. at 9-10.) In that vein, Defendants contend that "it appears that the Court believes that counsel for the Defendants' decision not to depose the Plaintiff until April 9, 2010 was the cause of any prejudice to the Defendants. However, a review of the discovery conducted by the Defendants' [sic], and the Plaintiff's refusal to comply with basic discovery obligations, explains the timing of the Plaintiff's deposition in this matter." (Mot. at 2.) Defendants note the difficulty they had in obtaining Lucero's response to certain requests for production and explain that "[i]t is counsel for the Defendants' practice to take the deposition of a party only after responses to written discovery requests have been provided. . . . The delay in the taking of the Plaintiff's deposition occurred because counsel for the Defendant had not received Plaintiff's responses to the Defendant's Requests for Production." (*Id.* at 3.) Accordingly, Defendants argue that "it appears that the Court granted the Plaintiff's Motion to

3

Amend based on a misapprehension of the facts or the Defendants' excusable failure to depose the Plaintiff prior to April 9, 2010." (*Id.* at 4.)

Additionally, Defendants assert that they will be prejudiced by the Court permitting Lucero to amend his First Amended Complaint because Defendants "have not listed as witnesses or deposed any individuals who arrested the Plaintiff, booked the Plaintiff or were housed with the Plaintiff during his previous incarceration in April of 2007. Thus, the Defendants are unable to prepare a proper defense to the Plaintiff's new 'clarified' allegations." (*Id.*) Furthermore, Defendants contend that by permitting Lucero to amend his First Amended Complaint, the Court is "reward[ing] [] Lucero for his failure to comply with the Rules of Civil Procedure and unfairly prejudices the Defendants by preventing them from adequately preparing a defense to the Plaintiff's claims." (*Id.* at 5.)

In response, Lucero contends that Defendants' arguments regarding deposition scheduling are "incorrect and misplaced," and maintains instead that "the only reason why the deposition of the Plaintiff took place on April 9, 2010 at all is because Plaintiff contacted counsel for the Defendant [sic] to arrange dates to depose each other's clients." (Resp. at 1-2.) Additionally, with respect to Defendants claim of prejudice stemming from Lucero's proposed amendments, Lucero argues that,

> The date of the prior beating is of little relevance to defending the case. It does not change Plaintiff's theory of liability and Defendants are custodians of all records of jail beatings anyhow. In addition, Defendants are in possession of phone numbers, addresses, and emergency phone numbers (information kept routinely in their booking sheets) for all of the inmates that Plaintiff was housed with during each and every period of his incarceration. Should there be any need to verify facts further, they could easily use this information (information they have withheld from the Plaintiff) to contact the fact witnesses.

(*Id.* at 2.)

Defendants devote the vast majority of their Reply to contesting Lucero's account of the scheduling of his deposition. Additionally, Defendants reiterate the arguments raised in their Motion about the alleged prejudice to them from the Court allowing Lucero to amend his First Amended Complaint. In short, Defendants' Reply is largely repetitious of their Motion.

### A.  The Law Governing Motions to Reconsider

The Court initially notes that the Federal Rules of Civil Procedure do not formally recognize a motion to reconsider. Accordingly, such motions are generally viewed unfavorably. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As such, the allowable scope of a motion to reconsider is significantly limited. The Tenth Circuit has made clear that a motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.* Accordingly, "it is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* "Thus, a motion for reconsideration is [only] appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Because none of these circumstances apply, as discussed below, Defendants' Motion for Reconsideration should be denied.

### B.  Defendants' Motion for Reconsideration

Defendants' Motion for Reconsideration is precisely the kind of motion that *Servants of Paraclete* seeks to deter. Specifically, despite Defendants' cursory treatment of the prejudice issue in a single sentence in their Response to Lucero's

Motion to Amend, Defendants now make prejudice the central issue in their challenge to the Court's ruling allowing Lucero to amend his First Amended Complaint. The Court notes, however, that all of the arguments Defendants now raise regarding purported prejudice could have been raised in their Response to Lucero's Motion to Amend, and thus are not properly presented in a motion for reconsideration.

Furthermore, while Defendants assert that the Court has misapprehended the relevant facts, it is in fact Defendants who have misapprehended the Court's previous ruling on Lucero's Motion to Amend. Importantly, the Court found that Defendants would not be prejudiced by Lucero's amendments, despite Lucero's significant delay in filing his Motion to Amend, given the innocuous nature of Lucero's proposed amendments. (Mem. Op. at 7-9.) Yet, despite that explicit holding, Defendants nevertheless appear to base their current arguments on the erroneous conclusion that the Court in fact found Defendants would be prejudiced by Lucero's proposed amendments but that any such prejudice was attributable solely to Defendants' delay in taking Lucero's deposition. Defendants' argument in this regard wholly misses the mark.

Indeed, Defendants rely on an unrelated portion of the Court's Memorandum Opinion and Order — the portion rejecting Defendants' arguments of alleged bad faith and dilatory motive by Lucero in filing his Motion to Amend — to craft their mistaken argument and ostensibly fail to recognize that the Court in no way addressed the issue of prejudice in that portion of its discussion. (*Id.* at 9-10.) Instead, the Court addressed the element of delay and found that while Lucero bore the bulk of the responsibility for the late disclosure of the facts related to his proposed amendments, Defendants were

not entirely blameless for the late discovery of those facts in light of their decision to wait five and a half months to depose Lucero.  In an apparent effort to justify their decision to depose Lucero on the final day of the extended discovery period, Defendants' counsel, Ms. Martinez, explains that it is her common practice "to take the deposition of a party only after responses to written discovery requests have been provided. . . . The delay in the taking of the Plaintiff's deposition occurred because counsel for the Defendant had not received Plaintiff's responses to the Defendant's Requests for Production." (Mot. at 3.)  That explanation though, rather than offering any meaningful legal argument that would potentially provide a proper basis for a motion for reconsideration, unjustifiably seeks to attribute the entirety of the blame for the late date of Lucero's deposition to Lucero and his counsel.[1]  Although Ms. Martinez's standard practice of conducting depositions only after having received and reviewed the full set of discovery responses is certainly advisable, it is by no means controlling on when a deposition may be taken or on how the Court must assess Lucero's Motion to Amend.  Defendants' decision to wait until the final day of discovery to conduct Lucero's deposition was a matter of strategy, reflecting Ms. Martinez's preference for conducting depositions after reviewing discovery materials.  However, that preference, regardless of its merits or advisability, must at times yield to the necessities of a particular case and the deadlines imposed by the Court.

---

[1] The Court pauses to note its strong displeasure at Lucero's and Defendants' counsel's election to engage in gratuitous finger pointing in their respective discussions of the scheduling of Lucero's deposition. As the Court has made clear, both Lucero and Defendants bear a portion of the blame in the late taking of Lucero's deposition, and counsel's continued insistence on rehashing that issue is unhelpful to the efficient resolution of this case.  Such arguments are utterly unpersuasive and the Court will decline to entertain similar arguments in future filings.

In short, Defendants' Motion fails to present any arguments that are properly raised in a motion for reconsideration or that would warrant the Court revisiting its previous decision to grant Lucero's Motion to Amend.  Therefore,

**IT IS ORDERED THAT** Defendants' Motion for Reconsideration (Doc. No. 90) is DENIED.

                                                _/s/ James A. Parker_
                                        SENIOR UNITED STATES DISTRICT JUDGE